IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

IN RE: HELICOPTER CRASH NEAR
WEAVERVILLE, CALIFORNIA 8/5/08,          No. 3:09-md-2053-MO

OPINION AND ORDER

**MOSMAN, J.**,

Houston Casualty Company moves for summary judgment on the claim by Carson Helicopters, Inc., and Carson Helicopter Services, Inc., for denying insurance coverage in bad faith. Motion for Partial Summary Judgment [632]. I grant the motion.

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation omitted).

## DISCUSSION

Pennsylvania law governs the bad faith claim brought by Carson Helicopters, Inc., and Carson Helicopter Services, Inc. (together "Carson") against Houston Casualty Company

1 – OPINION AND ORDER

("HCC"). Opinion & Order [401] 27. Pennsylvania requires Carson to show by "clear and convincing evidence" that HCC "(1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Greene v. United Servs. Auto. Ass'n.*, 936 A.2d 1178, 1188 (Pa. Super. Ct. 2007).

The parties have extensively briefed and argued the reasons for excluding coverage under Endorsement 3, including the reasons given by HCC in its initial denial letter. *See* Minute Order [489]; *see also* Transcript of Proceedings [493]; Opinion & Order [507]. For the reasons stated in that opinion [507] and the record of those proceedings [489], I find that a rational trier of fact could not find by clear and convincing evidence that HCC did not have a reasonable basis for denying benefits, and knew or recklessly disregarded such in denying the claim. Therefore, I grant the motion for partial summary judgment [632].

## CONCLUSION

For the reasons stated above, I GRANT Houston Casualty's motion for partial summary judgment [632].

IT IS SO ORDERED.

DATED this  5th   day of July, 2011.

>                /s/ Michael W. Mosman
>                MICHAEL W. MOSMAN
>                United States District Court